1  DANIEL J. MCCOY (CSB No. 206099)
   dmccoy@fenwick.com
2  SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
   sghassemi@fenwick.com
3  FENWICK & WEST LLP
   Silicon Valley Center
4  801 California Street
   Mountain View, CA  94041
5  Telephone:  (650) 988-8500
   Facsimile:   (650) 938-5200
6
7  Attorneys for Defendant
   MAIN STREET HUB, INC.

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA
10             SAN FRANCISCO DIVISION

| | |
|---|---|
| NORMAN KAY,<br><br>    Plaintiff,<br><br>v.<br><br>MAIN STREET HUB, INC., and DOES 1 through 200, inclusive,<br><br>    Defendants. | Case No.:<br><br>**DEFENDANT MAIN STREET HUB, INC.'S NOTICE OF REMOVAL**<br><br>Removed from the Superior Court of the State of California, County of San Francisco, Case No. CGC-15-547425 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF NORMAN KAY, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Main Street Hub, Inc. ("Main Street Hub") hereby removes this action from San Francisco County Superior Court to the United States District Court for the Northern District of California. In support of this Notice of Removal, Main Street Hub avers as follows.

/ / /

/ / /

DEF. MAIN STREET HUB, INC.'S NTC. OF REMOVAL                                      Case No.

## Procedural History and Plaintiff's Allegations

1. On August 17, 2015, Plaintiff Norman Kay ("Kay") filed his complaint ("Complaint") against Main Street Hub, in San Francisco County Superior Court, Case No. CGC-15-547425 ("State Court Action").

2. In the State Court Action, Kay alleged that Main Street Hub discriminated against him based on his age and wrongfully denied him employment in violation of California Government Code § 12940. The Complaint was served via substituted service on Main Street Hub on September 9, 2015.[1]

3. Main Street Hub notified Kay's counsel via telephone on October 2, 2015 of its intent to remove this case to this Court.

## Grounds for Removal

4. Removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441(b) and 1446 on diversity grounds. Contrary to what is alleged in the Complaint, Main Street Hub is, and was at the time of the filing of the Complaint, a Delaware corporation with its principle place of business and its headquarters in Austin, Texas. Accordingly, Main Street Hub is a dual citizen of Delaware and Texas. (*See* 28 U.S.C. § 1332(c)(1).) Kay is a citizen of California. (*See* Ex. A, Complaint ¶ 1.) Although DOES 1-200 are named in the Complaint, for the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(b)(1).) Complete diversity of the parties existed at the time of filing the Complaint and as of this October 8, 2015 Notice of Removal. In the Complaint, Kay seeks compensatory, general, and special damages in excess of $25,000, in addition to exemplary and punitive damages, expert and attorneys' fees, and other relief. (Ex. A, Prayer for Relief, ¶¶ 1-9.) Kay has also made settlement demands well in excess of $75,000. Because the parties are completely diverse and the amount in controversy exceeds the jurisdictional minimum, removal on diversity grounds is appropriate.

---

[1] The proof of service filed in the State Court Action states that Main Street Hub was served via substituted service on September 8, 2015. Main Street Hub maintains that it was served on September 9, 2015.

DEF. MAIN STREET HUB, INC.'S NTC. OF REMOVAL    2    Case No.

**The Procedural Requirements for Removal Have Been Satisfied**

1. Main Street Hub possesses the power to remove this case as the named defendant under 28 U.S.C. § 1441.

2. Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because this district includes the location (San Francisco County) where this action was originally pending.

3. This Notice of Removal is timely filed as it is within thirty days of receipt by Main Street Hub, through service or otherwise, of a copy of the pleading setting forth the claims for relief upon which the action is based. (*See* 28 U.S.C. § 1446(b).) Kay filed suit on August 17, 2015 and served via substituted service Main Street Hub with the Complaint on September 9, 2015.

4. Removal requires the consent of all defendants who have been properly served with California state court process. 28 U.S.C. § 1446(b)(2)(A). Main Street Hub is the only identified defendant. Thus, there are no remaining defendants to consent to this Notice of Removal.

5. Main Street Hub has complied with all conditions precedent to removal.

6. 28 U.S.C. § 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served in the State Court Action. True and correct copies of the Complaint, Summons, Proofs of Service, Civil Case Cover Sheet, and Civil Lawsuit Notice filed in the State Court Action are attached hereto as Exhibit A.

7. After filing this Notice of Removal, Main Street Hub will promptly serve written notice of this Notice of Removal to Kay (through his counsel) and file the same with the Clerk of the San Francisco County Superior Court in accordance with 28 U.S.C. § 1446(d). A copy of the notice (without exhibits) is attached hereto as Exhibit B.

**Non-Waiver of Defenses**

8. By removing this action from San Francisco County Superior Court, Main Street Hub does not waive any defenses available to it. Main Street Hub expressly preserves all Rule 12 objections and defenses, including without limitation any objections it may have as to jurisdiction, venue, or any other defenses or objections to this action. Main Street Hub further

DEF. MAIN STREET HUB, INC.'S NTC. OF REMOVAL     3     Case No.

1 intends no admission of fact, law, or liability by this Notice, and reserves all defenses, motions, and arguments.

9. By removing this action from Santa Clara County Superior Court, Main Street Hub does not admit any of the allegations in Kay's Complaint. By way of setting forth the bases for removal in this Notice, Main Street Hub in no way concedes the truth of the allegations in the Complaint. Main Street Hub does and will dispute the claims in their entirety.

WHEREFORE, Main Street Hub removes the above-captioned action from the San Francisco County Superior Court to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: October 8, 2015

Respectfully submitted,

FENWICK & WEST LLP

By: _____
Daniel J. McCoy

Attorneys for Defendant
MAIN STREET HUB, INC.

DEF. MAIN STREET HUB, INC.'S NTC. OF REMOVAL
4
Case No.

# EXHIBIT A

1  FRANK P. SARRO (SBN 129780)
   2121 North California Boulevard, Suite 290
2  Walnut Creek, CA 94596
   Telephone (415) 816-5141
3
   Attorney for Plaintiff
4  NORMAN KAY

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 17 2015

CLERK OF THE COURT
BY: _____DENNIS TOYAMA_____
                        Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA, UNLIMITED JURISDICTION

COUNTY OF SAN FRANCISCO

NORMAN KAY,

    Plaintiff,

v.

MAIN STREET HUB, INC.,
and DOES 1 through 200, inclusive,

    Defendants.

Case No. CGC-15-547425

COMPLAINT – EMPLOYMENT
& DEMAND FOR JURY TRIAL

COMES NOW plaintiff and alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff Norman Kay is, and at all times relevant was, a resident of the State of California. Plaintiff applied for and interviewed for a job with Main Street Hub, Inc. ("MSH") in the City and County of San Francisco in June 2014.

2. Defendant MSH is, and at all times relevant was, a business entity organized and existing under and by virtue of the laws of the State of California, qualified to do business in California, with a principal place of business in the City and County of San Francisco, California.

3. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate or otherwise of defendants named herein as DOES 1 through 200, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will ask leave of Court to

Plaintiffs' Complaint & Jury Trial Demand   -1-

amend this Complaint to state the true names and capacities of said defendants when the same are ascertained.

4. Plaintiff is informed and believes and thereon alleges, that at all relevant times, defendants MSH and DOES 1 through 200, inclusive, were the agents, servants, employees, representatives, partners, joint venturers, predecessors, successors and/or alter egos of each other and, at all times herein mentioned were acting within their scope and capacity as such agents, servants, employees, representatives, partners, joint venturers, predecessors, successors and/or alter egos, and were responsible for the actions herein alleged.

5. Plaintiff was discriminated against by defendants, including but not limited to the events described in the EEOC Charge of Discrimination attached hereto as Exhibit A and incorporated herein by this reference. Plaintiff had many years of sales experience at the time he was interviewed by defendants and was clearly more qualified than the person ultimately hired.

6. Plaintiff has met all administrative requirements, received the right to sue from the California Department of Fair Employment and Housing, and has timely filed suit after receipt of same. Plaintiff alleges that at all relevant times defendants employed five or more employees in California so as to subject defendants to all of the provisions of California's Fair Employment and Housing Act.

## FIRST CAUSE OF ACTION

(Age Discrimination – Plaintiff Against All Defendants)

7. Plaintiff incorporates all the allegations contained in paragraphs 1 through 6 above.

8. Defendants' above conduct violates California Government Code sections 12940 et seq. and constitutes age discrimination.

9. As a proximate result of defendants' conduct, plaintiff has suffered humiliation, embarrassment, hurt feelings, mental anguish and suffering, and monetary damages, in an amount according to proof. As a further proximate result of defendants' conduct, plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received but for defendants' wrongful conduct, in an amount according to proof. As a

further proximate result of defendants' conduct, plaintiff has suffered the intangible loss of employment-related opportunities, including but not limited to, opportunities for promotion and transfer, in an amount according to proof. The above-alleged damages exceed $25,000.

10. The aforementioned acts of defendants were carried out by one or more managing agents of defendants and were willful, wanton, malicious, oppressive, fraudulent, and were done with reckless indifference to and conscious disregard of plaintiff's rights, justifying awards to plaintiff of punitive and exemplary damages against all defendants.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For compensatory damages including but not limited to lost wages, lost employee benefits, bonuses, mental and emotional distress, medical and related expenses, expenses of seeking substitute employment, and other special, general and compensatory damages in an amount according to proof, which amount is in excess of $25,000;

4. For punitive and exemplary damages in an amount according to proof;

5. For attorney's fees pursuant to California Government Code section 12965(b);

6. For interest as allowed by law;

7. For costs of suit;

8. For experts' fees; and

9. For such other and further relief as the Court may deem proper.

Dated: August 17, 2015                FRANK P. SARRO

*[signature]*

Attorney for Plaintiff

---

Plaintiffs' Complaint & Jury Trial Demand   -3-

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all facts and issues in this case.

Dated: August 17, 2015

FRANK P. SARRO

_____
Attorney for Plaintiff

Plaintiffs' Complaint & Jury Trial Demand  -4-

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 550-2014-01004 |

**California Department Of Fair Employment & Housing** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Norman Kay | (415) 680-0571 | 11-25-1957 |

Street Address: 3309 Santa Rosa Avenue, Space 43, Santa Rosa, CA 95407

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| MAINSTREET HUB | 15-100 | (415) 860-0427 |

Street Address: 701 Sutter Street, San Francisco, CA 94116

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest / Latest: 06-19-2014
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about June 19, 2014, I interviewed with Respondent for the position of Inside Sales Consultant. I was interviewed by Office Manager Prachi Singh on that same date. During the interview, Ms. Singh asked me how I felt about working with younger people. I asked if she meant age and then she changed her response to inexperienced people. On or about June 26, 2014, I received an email from Dinna Davis, Talent Acquisition, thanking me for my interest in the position, and informing me that the hiring manager was "maxed out" on hiring and that they would contact me if anything changed. On or about July 1 2014, I saw that same job posted on Craigslist.

I believe I was discriminated against by Respondent based on my age (57) in violation of the Age Discrimination Act of 1967, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 10, 2014
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

*EXHIBIT A to Complaint, p. 1 of 1*

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAIN STREET HUB, INC., and DOES 1 through 200, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NORMAN KAY

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court, Unlimited Jurisdiction, 400 McAllister St., San Francisco, CA 94102

**CASE NUMBER:**
*(Número del Caso):*
CGC-15-547425

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank P. Sarro (SBN 129780), 2121 N. California Blvd., Ste. 290, Walnut Creek, CA 94596, 415-816-5141

**CLERK OF THE COURT**

DATE: AUG 17 2015        Clerk, by DENNIS TOYAMA, Deputy
*(Fecha)*                *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Main Street Hub, Inc

   under: ☒ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☒ by personal delivery on (date): September 8, 2015

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Frank P. Sarro, Esq.          129780<br>Law Office of Frank P. Sarro<br>2121 North California Blvd. #290<br>Walnut Creek, CA 94596<br>TELEPHONE NO: 415-816-5141   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Norman Kay, Plaintiff | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Francisco<br>**09/14/2015**<br>Clerk of the Court<br>BY: NOELIA RIVERA<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:   Norman Kay<br>DEFENDANT/RESPONDENT:   Main Street Hub, Inc. et al | CASE NUMBER:<br>CGC-15-547425 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: Notice to Plaintiff, Bar Assoc Mediation Handout

3. a. Party served *(specify name of party as shown on documents served)*:
      Main Street Hub, Inc.

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      David Kreitzer, Registered Agent for Service of Process

4. Address where the party was served:
   600 Congress Ave #1200
   Austin TX, 78701

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:                        (2) at *(time)*:
   b. ☒ **by substituted service.** On *(date)*: 9/8/2015    at *(time)*: 12:15pm   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
      John Jenkins, Senior Manager of Customer Success, Authorized to accept sub-service,
      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:             from *(city)*:                    or ☒ a declaration of mailing is attached.
      (5) ☒ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]        Martin Dean's ESSENTIAL FORMS™    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure, § 417.10

Sarro

| PLAINTIFF/PETITIONER: Norman Kay | CASE NUMBER: CGC-15-547425 |
|---|---|
| DEFENDANT/RESPONDENT: Main Street Hub, Inc. et al | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date)*:                     (2) from *(city)*:
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)
   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as occupant.
   d. ☒ On behalf of *(specify)*: Main Street Hub, Inc.
      under the following Code of Civil Procedure section:
      ☒ 416.10 (corporation)                        ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)                ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)         ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                      ☐ 415.46 (occupant)
                                                    ☐ other:

7. **Person who served papers**
   a. Name: Paul R. Blandford - NORCAL COURIER & LEGAL SERVICES
   b. Address: 268 Bush Street #4042, San Francisco, CA 94104
   c. Telephone number: 415-850-9308
   d. **The fee** for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ registered California process server:
         (i) ☐ owner  ☐ employee  ☒ independent contractor.
         (ii) Registration No.: 1251
         (iii) County: San Francisco

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: September 11, 2015

Paul R. Blandford
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                           (SIGNATURE)

## DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. My business address is:
268 Bush Street #4042
San Francisco, CA 94104
I received the within process on: August 17, 2015
and that after due and diligent effort, I have been unable to effect personal service on:
Main Street Hub, Inc., c/o: David Kreitzer, Registered Agent for Service
in the matter of: Norman Kay v. Main Street Hub, Inc.
with copies of: Summons, Complaint, Notice to Plaintiff, Civil Case Cover Sheet & ADR Package

[X] Residence Address: 1738 Hayes Street
            San Francisco, CA 94104

| Dates and Times Attempted | Reason for Non-Service |
|---|---|
| August 19, 2015 @ 3:35 p.m. | no answer |
| August 20, 2015 @ 7:35 p.m. | no answer |
| August 22, 2015 @ 8:25 p.m. | no answer |
| August 23, 2015 @ 8:20 p.m. | no answer |

[X] Business Address: 701 Sutter Street
            San Francisco, CA

| Dates and Times Attempted | Reason for Non-Service |
|---|---|
| August 28, 2015 @ 12:02 p.m. | company name not listed on marque |

I declare under penalty of perjury that the foregoing is true and correct. Fee:     [Recoverable per CCP § 1033.5(a)(4)(B)]
Executed on September 10, 2015              at San Francisco, CA

Sabrina G. De Mio, San Francisco
Registered Process Server #1250
                                                    ▶ _____
                                                              (SIGNATURE)

## PROOF OF SERVICE BY MAIL

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. My business address is:
268 Bush Street #4042
San Francisco, CA 94104
On September 9, 2015                                , after substituted service
under CCP Section 415.20(a) or Section 415.20(b) was made, I served the within:
Summons, Complaint, Notice to Plaintiff, Civil Case Cover Sheet & ADR Package

on the within named: Main Street Hub, Inc., c/o: David Kreitzer, Registered Agent for Service
in the matter of: Norman Kay v. Main Street Hub, Inc.
by placing a true copy thereof in a sealed envelope with the postage fully prepaid for first class in the United States mail, and addressed as follows: Main Street Hub, Inc.
    David Kreitzer, Registered Agent for Service of Process
    600 Congress Ave #1200
    Austin TX, 78701

I declare under penalty of perjury that the foregoing is true and correct.
Executed on September 10, 2015         at

Sabrina G. De Mio, San Francisco
Registered Process Server #1250
                                                    ▶ _____
                                                              (SIGNATURE)

NONJC-005 Rev 07/01/2007     DECLARATION RE: DILIGENCE TO EFFECT PERSONAL SERVICE
                                            Sarro

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frank P. Sarro (SBN 129780)<br>2121 N. California Blvd., Ste. 290<br>Walnut Creek, CA 94596<br>TELEPHONE NO.: 415 816 5141   FAX NO.:<br>ATTORNEY FOR (Name): Norman Kay | ENDORSED<br>FILED<br>San Francisco County Superior Court<br><br>AUG 17 2015<br><br>CLERK OF THE COURT<br>BY: DENNIS TOYAMA<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Norman Kay v. Main Street Hub, Inc. & Does 1-200

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CGC-15-547425<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☒ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action (specify): one
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 17, 2015

Frank P. Sarro, Attorney for Plaintiff
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CIVIL CASE COVER SHEET

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CASE NUMBER: CGC-15-547425  NORMAN KAY VS. MAIN STREET HUB, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> DATE: JAN-20-2016
>
> TIME: 10:30AM
>
> PLACE: Department 610
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> **(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

# EXHIBIT B

```
DANIEL J. MCCOY (CSB No. 206099)
dmccoy@fenwick.com
SHEEVA J. GHASSEMI-VANNI (CSB No. 246639)
sghassemi@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:  (650) 988-8500
Facsimile:  (650) 938-5200

Attorneys for Defendant
MAIN STREET HUB, INC.
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA, UNLIMITED JURISDICTION

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| NORMAN KAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MAIN STREET HUB, INC., and DOES 1 through 200, inclusive,<br><br>　　　　Defendants. | Case No.: CGC-15-547425<br><br>**DEFENDANT MAIN STREET HUB, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL**<br><br>Judge:　　　　John K. Stewart<br>Date Action Filed:  August 17, 2015 |

**PLEASE TAKE NOTICE THAT** on Thursday, October 8, 2015, Main Street Hub, Inc. in the above-captioned action removed this action to the United States District Court for the Northern District of California, by filing a Notice of Removal in that court.  A true and correct copy of the Notice of Removal, including all accompanying exhibits, is annexed hereto as Exhibit 1, and is served and filed herewith.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

DEF. MAIN STREET HUB, INC.'S NTC. OF FILING OF NTC. OF REMOVAL　　　　　　　　　　　　　　　　　　Case No. CGC-15-547425

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Pursuant to 28 U.S.C. § 1446, the filing of the attached Notice of Removal with the
2  United States District Court for the Northern District of California effects the removal of this
3  action. Accordingly, this Court may proceed no further unless and until the case is remanded.

5  Dated: October 8, 2015                 FENWICK & WEST LLP

7                                         By: _____
                                               Daniel J. McCoy

   Attorneys for Defendant
   MAIN STREET HUB, INC.

## PROOF OF SERVICE

The undersigned declares as follows:

I am employed in Santa Clara County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, Silicon Valley Center, 801 California Street, Mountain View, California 94041. On the date set forth below, I served a copy of the following document(s): **DEFENDANT MAIN STREET HUB, INC.'S NOTICE OF FILING OF NOTICE OF REMOVAL** on the interested parties in the subject action by placing a true copy thereof as indicated below, addressed as follows:

> Frank P. Sarro
> 2121 North California Boulevard, Suite 290
> Walnut Creek, CA 94596
> Telephone: 415-816-5141
> Facsimile: 510 318-7701
> Email: fpsarro@hotmail.com

[x] **BY US MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

[ ] **BY OVERNIGHT COURIER:** by placing the document(s) listed above in a sealed envelope with a prepaid shipping label for express delivery and causing such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

[ ] **BY FACSIMILE:** by causing to be transmitted via facsimile the document(s) listed above to the addressee(s) at the facsimile number(s) set forth above.

[x] **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: October 8, 2015



Tracey Boomer